```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

```
GARY BROADWAY,                    )
                                  )
     Plaintiff,                   )
                                  )
                                  )
                                  ) No. 2:12-cv-3001-JPM-tmp
v.                                )
                                  )
WINGFOOT COMMERCIAL TIRE          )
SYSTEM LLC; THE GOODYEAR TIRE     )
& RUBBER COMPANY,                 )
                                  )
     Defendants.                  )
```

**ORDER GRANTING LEAVE TO CORRECT SUMMONS**
**AND**
**GRANTING EXTENSION OF TIME TO EFFECTUATE SERVICE OF PROCESS**

On March 21, 2013, the Court ordered Plaintiff to Show Cause by April 1, 2013, why this action should not be dismissed for failure to effectuate service of process. (ECF No. 5.) Plaintiff filed his Response to Order to Show Cause ("Response") on April 1, 2013 (ECF No. 7), with proof of service of process on Defendant Wingfoot Commercial Tire System LLC on March 15, 2013. For the following reasons, the Court declines to dismiss the case under Federal Rule of Civil Procedure 4(m).

In Plaintiff's Response, Plaintiff states that Defendant Goodyear Tire & Rubber Company ("Defendant" or "Goodyear Tire") has not been served "due to an error in the summons forms

submitted to the clerk for stamping[,] which only referenced [Defendant] Wingfoot Commercial Tire Services." (ECF No. 7 ¶ 3.) Accordingly, Plaintiff seeks "leave to correct the summons form and for an additional 30 days to perfect the summons upon [Defendant Goodyear Tire] due to excusable neglect." (Id.)

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It is undisputed that Plaintiff has not served Goodyear Tire within the 120-day window. As a result, the Court must determine if Plaintiff has shown good cause for his failure.

"Plaintiffs bear the burden of establishing good cause for failure to adhere to the 120[-]day deadline." Tines v. PepsiAmericas, Inc., 265 F.R.D. 285, 286 (W.D. Tenn. 2010) (citing Nafzinger v. McDermott Int'l, Inc., 467 F.3d 514, 520-21 (6th Cir. 2006)). "Good cause necessitates a demonstration of why service was not made within the time constraints . . . [and] determination of good cause is left to the sound discretion of the district court." Habib v. Gen. Motors Corp., 15 F.3d 72, 73

(6th Cir. 1994) (discussing the "good cause" standard under Federal Rule of Civil Procedure 4(j), the predecessor to Rule 4(m)).  "Good cause requires at least excusable neglect." Stewart v. Tennessee Valley Auth., 238 F.3d 424, 424 (6th Cir. 2000).  The United States Court of Appeals for the Sixth Circuit, interpreting Federal Rule of Civil Procedure 6(b), "enumerated an excusable neglect standard to help determine whether a plaintiff shows good cause for the failure to serve a defendant on time."  Tines, 265 F.R.D. at 286 (citing the standard announced in Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005)).  The Court has applied that standard to motions seeking leave under Rule 4(m).  See Tines, 265 F.R.D. 285.  "Under this standard, the plaintiff must establish that (1) his failure to meet the deadline was a cause of neglect and (2) the failure to act was excusable."  Id. at 286 (citing Turner, 412 F.3d at 629).

In the instant case, the Court finds good cause for Plaintiff's failure to serve Defendant Goodyear Tire within the 120-day window.  Plaintiff stated that the failure was due to the error in naming the Defendants on the summons itself, which "was not noted until the summons was to be delivered to the process server."  (ECF No. 7 ¶ 1.)  Plaintiff's failure was caused by neglect, but the Court finds this neglect is excusable under the circumstances as the Defendant will not be prejudiced

3

by allowing Plaintiff a short extension in which to serve the corrected summons.

As a result, Plaintiff's request for leave to correct the summons is GRANTED. Plaintiff shall have an additional thirty (30) days, up to and including May 3, 2013, to effectuate service of process on Defendant Goodyear Tire.

**IT IS SO ORDERED,** this 4th day of April, 2013.


/s/ JON PHIPPS McCALLA
CHIEF U.S. DISTRICT JUDGE